# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:21-cv-204-MOC

| | | |
|---|---|---|
| MICHELLE WASHINGTON,<br>o/b/o a minor other S.M.H., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Commissioner of Social Security, | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary

Judgment. (Doc. Nos. 15, 17). Having carefully considered such motions and reviewed the

pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I.      Administrative History

Plaintiff brought this action under 42 U.S.C. § 405(g), on behalf of her son S.M.H., for

review of the final decision of the Commissioner of Social Security denying his claim for

disability under Title XVI of the Social Security Act (Act).

On July 11, 2008, S.M.H., through his mother, Plaintiff in this matter, protectively filed a

Title XVI application for supplemental security benefits. (Tr. 15, 145). On July 14, 2008, he was

found disabled due to low birth weight, with an established onset date of July 7, 2008; this is his

last favorable (comparison point) decision. (Tr. 15, 145). S.M.H. was found no longer disabled

as of December 1, 2011. (Tr. 15, 146, 196). They appealed the cessation of his benefits; after

unfavorable findings, including by a Disability Hearing Officer (Tr. 201–33), an ALJ issued an

unfavorable decision, which was subsequently remanded by the Appeals Council. (Tr. 15, 149–

151). The same ALJ issued a second unfavorable decision on May 4, 2018. (Tr. 15, 152–82). The

Appeals Council issued a second remand on October 17, 2019. (Tr. 15, 186–89).

On March 31, 2020, S.M.H. and his mother attended a telephone hearing; their attorney

was also present. (Tr. 15). The record was held for the submission of recent records relating to

S.M.H.'s education. After their admission to the record, and in consideration of the October 17,

2019, Appeals Council remand, on December 17, 2020, the ALJ issued a decision finding

S.M.H. not disabled at any time since the date of his disability cessation, December 1, 2011 (Tr.

12–37). On February 10, 2021, Plaintiff requested review of the ALJ's decision by the Appeals

Council (Tr. 385–87, 549–550). The Appeals Council denied the request for review, making the

ALJ's decision the final decision on Plaintiff's claim. (Tr. 1–6). Thereafter, Plaintiff commenced

this action by filing a complaint pursuant to 42 U.S.C. § 405(g).

## II.     Factual Background

The Court finds that the ALJ's findings of fact are supported by substantial evidence and

therefore adopts and incorporates such findings herein as if fully set forth. Such findings are

referenced in the substantive discussion which follows.

## III.     Standard of Review

The only issues on review are whether the Commissioner applied the correct legal

standards and whether the Commissioner's decision is supported by substantial evidence.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.

1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir.

1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." <u>Perales</u>, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

<u>Radford v. Colvin</u>, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### a. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

### b. Sequential Evaluation

To qualify for disability insurance benefits or supplemental security income under the Act, an individual must, among other things, be under a disability. 42 U.S.C. § 1382c(a). For an

individual under the age of 18 (also referred to herein as a "child") not engaging in substantial gainful activity, the child "shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C); 20 C.F.R. § 416.906.

In determining whether a child is disabled, a three-step process is used. 20 C.F.R. § 416.924. At step one, the ALJ makes a finding on whether the child is working at substantial gainful activity; if they are, they are not disabled. 20 C.F.R. § 416.924(b). If not, the ALJ moves onto step two: assessing whether the child has a medically determinable impairment(s) that is severe (where non-severe is defined as "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations"); if not, they are not disabled. 20 C.F.R. § 416.924(c). Assuming the individual is not engaging in substantial gainful activity and has a medically determinable impairment(s) that is severe, the ALJ makes a finding as to whether their impairment(s) meet, medically equal, or functionally equal the listings. 20 C.F.R. §§ 416.924(d), 416.925, 416.926, 416.926a. If the impairment(s) does not, the child is not disabled. The individual claiming disability bears the burden of proof to establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).

In cases such as the case at bar where an individual was previously found to be disabled, and is challenging the cessation of their disability, the ALJ must follow the sequential evaluation twice: first, for the period in which they were previously receiving benefits; and second, if the ALJ finds that they do not have an ongoing disability (i.e., that the prior finding of cessation was incorrect), for the period since the date of disability cessation. 20 C.F.R. §§ 416.994, 416.994a.

As part of the second sequential evaluation, the ALJ considers all impairments, not just those present at the time of the comparison point (last favorable) determination or decision. 20 C.F.R. § 416.994a(b)(3).

### c. The Administrative Decision

In finding S.M.H. not disabled, the ALJ followed the sequential evaluation used in claims for individuals under the age of 18, as well as that required when an individual has a comparison point decision and finding of medical improvement. As part of his decision, the ALJ considered the October 17, 2019, remand order of the Appeals Council (Tr. 15, 186–89).

Initially, the ALJ described S.M.H. as having an extreme limitation in health and physical well-being (directing a finding of disability) from July 7, 2008, through December 1, 2011, due to his low birth weight. (Tr. 19). However, as of that time, S.M.H. was found not disabled due to subsequent improvement. (Tr. 19–20), and the ALJ found that this impairment has not resulted in any functional limitations since this time. (Tr. 20–25).

The remainder of the ALJ's decision considers whether S.M.H. has been disabled at any time since December 1, 2011. (Tr. 25–37). The ALJ made note of S.M.H.'s age categories, of preschool to school-age child. (Tr. 20). He found that S.M.H. had severe impairments of obesity, asthma, allergies, and obstructive sleep apnea (OSA). (Tr. 25–26). The ALJ additionally found that S.M.H. had non-severe attention-deficit hyperactivity disorder (ADHD) and intellectual deficits, (Tr. 26–28), non-severe history of speech and language delays, (Tr. 28), and non-severe history of intermittent chest pain, (Tr. 28). At the third step, the ALJ found that S.M.H.'s impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1, Part B. (Tr. 28–29). Continuing on, the ALJ found that S.M.H.'s impairments did not functionally equal the severity of the listings. (Tr. 29–37).

Specifically, the ALJ found that S.M.H. had less than marked limitations in each of the six functional domains: acquiring and using information, (Tr. 34), attending and completing tasks, (Tr. 35), interacting and relating with others, (Tr. 35), moving about and manipulating objects, (Tr. 36), caring for oneself, (Tr. 36), and health and physical well-being, (Tr. 36–37). As a result, the ALJ found that S.M.H. was not disabled under the Social Security Act at any point since the cessation of his disability on December 1, 2011. (Tr. 37).

## V. Discussion

Plaintiff presents the following arguments before this Court: (1) the SSA's decision denying his disability benefits claim was constitutionally defective because the Social Security Act provision limiting the President's authority to remove the Presidentially appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers; and (2) the ALJ failed to properly develop the records through the date of his decision.; and (3) ALJ did not consider S.M.H.'s testimony about falling asleep in class when assessing his functional limitations.

### A. Plaintiff's Separation of Powers Argument

Plaintiff first argues that SSA's decision denying his disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers.

In Collins v. Yellen, 141 S. Ct. 1761 (2021), the Supreme Court recently held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. The Collins Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no

constitutional defect in the ... method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." Id. at 1787, 1788 n.23.

Here, as in Collins, Plaintiff based his constitutional challenge only on the relevant removal restriction, not on the propriety of the Commissioner's appointment. Plaintiff also offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, Collins expressly rejected this view. Thus, the final decision of the ALJ is not constitutionally defective.

**B. Plaintiff's contention that the ALJ failed to properly develop the records through the date of his decision**

Plaintiff argues that the ALJ failed to properly develop the records through the date of his decision. For the following reasons, the Court disagrees.

The ALJ decision at issue in this case, rendered January 17, 2020, was, as briefly noted above, on remand from the Appeals Council. (Tr. 15, 186–89). The Appeals Council's remand order vacated the prior ALJ decision, and directed another ALJ to "[g]ive further consideration to whether the claimant's impairments meet or equal the criteria of any listed impairment, or functionally equals the listings, and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 416.994a(b)(3)(ii and iii)." (Tr. 188). In particular, the Appeals Council remanded the earlier decision for its lack of discussion of the time since the December 1, 2011 cessation of disability, and insufficient development of

the record regarding the same, as well as its inadequate consideration of S.M.H.'s sleep apnea

(Tr. 187–88).

At the time of S.M.H.'s March 31, 2020 hearing, shortly after the nationwide

virtualization of schools in response to the Coronavirus (COVID-19) pandemic, the ALJ

and Plaintiff's administrative-level attorney since September 2017, Holly Fairbairn (Tr.

303-304, 321-322), discussed the importance of obtaining recent medical records due to

allegations of issues at school. Per Ms. Fairbairn's framing of the issues:

> Acquiring and using information, health and well-being, and take care of one's
> self. The teacher questionnaire at 15E, notes -- his problem with acquiring and
> using information. He's received one-on-one assistance in school. Under health
> and well-being, he's had absences due to doctors' appointments. They were
> excused but they were for medical reasons. He is behind in school but -- also
> enjoys school and tries very hard. But also becomes frustrated. His medications --
> but he's still having difficulty following, keeping up and -- behavior is he fell
> behind his peers. He has difficulty at times focusing and on completing tasks. He
> has to -- help with his homework. He needs his mother's assistance to be reliable
> to its completion and having it turned in. . . . [Other conditions cause] further
> physical delays as well as -- fatigue. Says that he's been observed at school
> napping and does require a daily nap. This contributes to his inattention and
> impulsivity and ineffective communication. . . . he is on grade level[.]

(Tr. 55–56). The ALJ responded:

> . . . I don't have any records for the fifth or the sixth grade at all. . . . if you're
> alleging a cognitive impairment, I need some educational records for that. . . . I
> really don't know if I can render a decision based upon the state of the record
> without having some educational records.

(Tr. 57). While the ALJ and Ms. Fairbairn acknowledged the prolonged timeline of the case at

issue, as well as potential difficulties in seeking records due to COVID-19's effects on schools,

the ALJ, as was detailed by Plaintiff's briefing, was intent on developing those aspects of

S.M.H.'s record, and Ms. Fairbairn agreed to seek the relevant records. (Tr. 56–60).

Contrary to Plaintiff's briefing, S.M.H.'s administrative record shows that further

relevant actions were taken, and recent records regarding S.M.H.'s educational performance

were received before the ALJ issuing his decision. On November 4, 2020, the ALJ received from Ms. Fairbairn a copy of S.M.H.'s unofficial middle school transcript, also dated November 4, 2020. (Tr. 542–49). Having received this record, and with no indication in Ms. Fairbairn's accompanying letter that there were any related pending records, the ALJ issued his decision approximately six weeks later, on December 17, 2020. (Tr. 12–37). The ALJ cited to this transcript (marked as "Exhibit 33E", Tr. 542–48) at two points in his decision. He first cited to it when assessing S.M.H.'s ability to acquire and use information since December 1, 2011:

> The undersigned finds that the claimant has less than marked limitations in [the] domain [of acquiring and using information] due to reports of him falling asleep in class and headaches. He has shown some difficulty in the sixth grade and for R1 in the seventh grade for ELA, math, and social studies (Exhibit 33E). Though both Ms. Washington and the claimant attribute his falling asleep in class to breathing medications, Dr. Bacot noted that it could be in part due to sleep-related impairments and he encouraged regular CPAP use (Exhibit 29F, p. 195). However, it was noted that there was no somnolence or attention/behavioral issues (Exhibit 29F, p. 167). Since there was a suggestion that he was falling asleep in class, and had headache, the undersigned considered this as being related to OSA, allergies, and asthma.

(Tr. 34). He also cited to the transcript when assessing S.M.H.'s ability to attend and complete tasks since December 1, 2011. (Tr. 35).

The ALJ clearly sought and considered updated records related to school performance and any new or changing cognitive impairment. Before describing the late-admitted records as part of the relevant domain discussions, the ALJ also considered in detail S.M.H.'s historical evaluations and treatment for attention-deficit hyperactivity disorder and intellectual deficits, which he found to be non-severe. (Tr. 26–28). This included evaluations that showed a full-scale IQ of 89, and some mild delays in fine motor coordination, adaptive behavior, and short-term memory, but generally average findings, and good motivation and effort. (Tr. 26–28, citing Tr. 567–80, 621–25, 1524-1738). The ALJ described S.M.H.'s medication for ADHD and his

breathing impairments, including reports of improved behavior with treatment, but a history of partial compliance, as well as his mother taking him off his ADHD medications without discussing this with a provider, and not describing his prior history when beginning treatment with a new provider. (Tr. 26–28, citing Tr. 983–1093, 1524–1738, 2353–55). The ALJ noted that, while he found these impairments not severe, he "considered the claimant's problems with daytime attention as it relates to the claimant's sleep-related impairment, as suggested by Dr. Bacot." (Tr. 28, citing Tr. 2353).

Overall, the ALJ offered substantial evidence to support his findings, including S.M.H.'s ongoing limitations performing appropriately, effectively, and independently in each of the six functional domains, as required by the October 17, 2019 Appeals Council remand order and the regulations more generally. Any argument that the ALJ failed in his duties to update the record with information related to Plaintiff's allegations of functional issues in school is incorrect, and these issues were properly resolved by the ALJ as factfinder at the administrative hearing level.

**C. Plaintiff's Contention that ALJ did not consider S.M.H.'s testimony about failing asleep in class when assessing his functional limitations**

Plaintiff also argues that the ALJ erred when he did not discuss S.M.H.'s testimony regarding falling asleep in class, thus failing to consider all relevant evidence. (Pl. Br. at 18–19). However, the ALJ's decision demonstrates that the ALJ did consider S.M.H.'s testimony, including regarding sleeping in class, when considering the available evidence of record. The ALJ noted, for instance, that S.M.H. "testified that he falls asleep in three of his classes, but he does not know how long he sleeps." (Tr. 31). The ALJ considered this information alongside S.M.H.'s mother's testimony that he slept in class due to his breathing medications, as well as additional testimony by S.M.H. that he "has never had to go to the principal's office or been in

trouble due to sleeping[,]" and by his mother that he "is supposed to use a CPAP at night, but he does not like that it makes him congested" and " does not get a full night's sleep because he wakes up saying that he cannot breathe." (Tr. 31).

Indeed, the ALJ considered S.M.H.'s sleep, and effects on his ability to engage in age-appropriate activities, throughout the decision. The ALJ described Plaintiff's history of sleep apnea testing, which showed variable degrees of daytime somnolence, as well as his variable compliance with treatment such as overnight CPAP machine, attempts to increase compliance by getting a more comfortable mask, and earlier reports of good ability to maintain attention and stay awake at school. (Tr. 31–32). When assessing S.M.H.'s performance in the functional domains of acquiring and using information, and attending and completing tasks, the ALJ stated that he found less than marked limitations due in part to the testimony of S.M.H. and his mother that he fell asleep during class, whether due to his breathing medication or less than complete CPAP compliance. (Tr. 34–35).

Moreover, even if the ALJ did not mention a specific bit of testimony, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Anderson v. Colvin, No. 5:13-cv-55-RLV, 2015 WL 6394397 at *9 (W.D.N.C. 2015) (citing Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)). As the ALJ's decision clearly shows, he considered S.M.H.'s testimony and explained how his and his mother's testimony factored into his findings. The ALJ provided substantial evidence, and an accurate and logical bridge, between the available evidence and findings. Thus, the decision will be affirmed, and the Court will grant summary judgment to the Commissioner.

## VI.    Conclusion

The Court has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

    (1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

    (2) Plaintiff's Motion for Summary Judgment, (Doc. No. 15) is **DENIED;**

    (3) The Commissioner's Motion for Summary Judgment, (Doc. No. 17) is **GRANTED;** and

    (4) This action is **DISMISSED.**

Signed: May 26, 2022

Max O. Cogburn Jr
United States District Judge